AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

**FILED**
November 18, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: FM
DEPUTY

United States of America
v.
Cesar Sebastian VILLEGAS Ochoa
*Defendant(s)*

Case No. **EP:26-M-05859-MAT**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 16, 2026 in the county of El Paso in the Western District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| Title 21 U.S.C. § 952 | Knowingly and intentionally, import into the United States, from the Republic of Mexico, approximately 2.44 kilograms (gross weight) of Cocaine a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

Complaint sworn to telephonically on November 18, 2026 at 02:00 PM and signed electronically. **FED.R.CRIM.P. 4.1(b)(2)(A)**

*Complainant's signature*

Sergio Contreras, HSI Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/18/2026

*Judge's signature*

City and state: El Paso, Texas

Miguel A. Torres, U.S. Magistrate Judge
*Printed name and title*

**Affidavit**

On November 16, 2026, at approximately 1940 hours, Cesar Sebastian VILLEGAS Ochoa applied for admission into the United States via the vehicle lane at the Bridge of the Americas Port of Entry in El Paso, Texas, located within the Western District of Texas.

VILLEGAS approached the primary inspection booth operating a blue 2026 Italika motor scooter. VILLEGAS presented a United States passport bearing his name and photograph to Customs and Border Protection Officer (CBPO) Benjamin Cardenas. CBPO Cardenas received a negative primary customs declaration from VILLEGAS. A query of VILLEGAS's biographical information yielded a positive match for a probation alert. Furthermore, CBPO Cardenas observed that the scooter displayed no license plates. Based on the active probation alert and the absence of license plates, CBPO Cardenas referred VILLEGAS to the vehicle secondary inspection area for further examination.

In the secondary inspection area, CBPO Vanessa Vasquez received a negative secondary customs declaration from VILLEGAS. When asked about his travel destination, VILLEGAS stated he was on his way home. As VILLEGAS dismounted the scooter, a black tape-wrapped bundle fell from his lower back area. CBPO Vasquez asked VILLEGAS what the item was; VILLEGAS replied, "I don't know." CBPO Vasquez requested assistance, and VILLEGAS was secured and escorted to a secure holding area.

CBP Canine Enforcement Officer (CEO) Hector Granados responded to assist and conducted a canine sniff of the scooter with his service canine. CEO Granados subsequently reported that his canine partner alerted to the trained odor of narcotics emanating from the seat area of the scooter.

Pursuant to supervisor approval, a pat-down search of VILLEGAS was conducted by CBPO Jimmy Fierro and witnessed by CBPO Gustavo Sanchez. During the search, officers observed a medical gauze wrap securing a black plastic tape-wrapped rectangular bundle to VILLEGAS's lower back. A total of two black plastic tape-wrapped bundles were discovered. One of the bundles was cut open, and a white powdery substance was extracted, which tested positive for the properties of cocaine. The two bundles had an approximate net weight of 2.44 kilograms.

Homeland Security Investigations (HSI) Task Force Officer (TFO) Sergio Contreras and HSI Special Agent (SA) Abraham Aguirre arrived at the Port of Entry and identified themselves to VILLEGAS. HSI TFO Contreras administered ICE constitutional rights (Miranda) to VILLEGAS in the Spanish language, which was witnessed by HSI SA Aguirre. VILLEGAS stated that he understood his rights and agreed to speak with the officers and agents without an attorney present.

VILLEGAS stated that an acquaintance had introduced him to an individual in Ciudad Juarez, Mexico, who offered him employment to smuggle narcotics into the United States. VILLEGAS stated that the individual assisted him in strapping the two bundles to his back using medical gauze. VILLEGAS acknowledged that he expected to receive $500.00 as payment for smuggling what he believed to be cocaine into the United States. VILLEGAS further stated that he was instructed to contact the individual via telephone upon entering El Paso, Texas to receive

delivery instructions for the cocaine bundles. VILLEGAS admitted that this was his first time smuggling cocaine into the United States.

Because this Affidavit is submitted for the limited purpose of establishing probable cause, not all facts known to the affiant concerning this investigation have been set forth herein.